plaintiff. Whether we would reach the same conclusion on the facts is not, **of** course, a determining factor.

The judgment of the District Court will be affirmed.

Berkley PRYOR v. BALTIMORE & OHIO RAILROAD COMPANY, Appellant.

No. 9555.

Circuit Court of Appeals, Third Circuit.

Argued April 9, 1948.

Decided April 26, 1948.

Rehearing Denied May 12, 1948.

Vincent M. Casey, of Pittsburgh, Pa. (Margiotti & Casey, of Pittsburgh, Pa., on the brief), for appellant.

Richard F. Jones, of Pittsburgh, Pa. (Brown & Jones, of Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN, and O'CONNELL, Circuit Judges.

PER CURIAM.

This was an action to recover damages alleged to have occurred from defendant's negligence. The plaintiff came as a business visitor to assist in the unloading of a freight car. Immediately after the door was opened it fell and struck him causing the damages of which he complains. The car was the property of the Lehigh Valley Railroad but was delivered to its destination over the defendant's line. Plaintiff is not an employee of the railroad and the question presented by the case is purely one of Pennsylvania tort law.

The case went to the jury under instructions which are not complained of. There is, in the judgment of the Court, sufficient evidence to sustain the verdict both as to the existence of negligence on the defendant's part and the damages suffered by the

WHITE STAR TRUCKING COMPANY, Appellant, v. Amelia LOMELO, Appellee.

No. 10608.

Circuit Court of Appeals, Sixth Circuit.

April 21, 1948.

John H. McNeal, Harley J. McNeal and Burgess, Fulton & Fullmer, all of Cleveland, Ohio, for appellant.

Donald Gottwald and Gottwald, Hershey & Hatch, all of Akron, Ohio, for appellee.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel, and no reversible error appearing in the record, it is ordered that the judgment be, and it hereby is, affirmed.